ROBINSON v. THE FIRST NATIONAL BANK OF CEDAR RAPIDS.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. The consent of parties to the entry of an order in the court below, that a case be tried upon written evidence, obviates the necessity for a motion for that purpose, and entitles either party to a trial *de novo* in the Supreme Court.

2. **Tax Deed:** OF WHAT CONCLUSIVE EVIDENCE. Where the acts of assessment, listing and levy are admitted, a tax deed, based thereon, is conclusive evidence that the manner of their performance was according to law.

3. ———: NOTICE BEFORE EXECUTION OF. Under section 898 of the Code the notice required by sections 894 and 895 to be given the owner and occupant of land sold for taxes, before the execution of a tax deed therefor, is not necessary in cases where sales were made before the enactment of those provisions.

*Appeal from Tama Circuit Court.*

SATURDAY, APRIL 20.

ACTION in chancery to quiet the title in plaintiff of three lots in Tama City. The answer sets up that the fee simple title to the property is in the defendant, and shows that the plaintiff claims title under tax deeds which are alleged to be void, and that defendant is entitled to redeem from the tax sale upon which the deeds were executed, and prays that defendant may be permitted to redeem from the tax sales. There was a decree granting the relief prayed for by defendant. Plaintiff appeals.

*Struble & Goodrich* and *Robinson & Lacy*, for appellant.

*Hubbard, Clark & Deacon*, for appellees.

BECK, J.—I. The plaintiff claims title under two tax deeds executed October 12, 1874, upon sales of the property for the taxes of 1870, made October 4, 1871.

The defendant insists, in its answer, that the tax deeds are void, and it has the right to redeem from the sales, on the ground that the notice required by Code, § 894, was not given. In amended answers the defendant alleges that the tax sale was void, because of the fraudulent agreement of plaintiff and other bidders at the sale not to make bids against each other, and for the reason that the several lots, being distinct tracts, were assessed and taxed together at one valuation in gross, and that no taxes were, in any manner, carried out upon the tax list for 1870 "against the property," nor did said tax list, at any time, show any amount of taxes to be due upon the property.

At the first term of court after the commencement of the action an order was made upon the consent of the parties that the cause be tried upon depositions.

The plaintiff was permitted to introduce the tax deeds in evidence against defendant's objection, and to read the dep-

·osition of the assessor who listed the property, showing that two of the lots were inclosed and used together as a homestead, and the buildings thereon were situated partly upon each lot. The record shows that "it was admitted defendant holds the legal title to the lots in controversy, unless divested by the tax deeds offered in evidence," and that "the defendant admits that plaintiff holds the legal title to the lots in controversy, unless defendant is entitled to redeem from said tax deeds for reasons stated in the pleadings." The defendant introduced in evidence the tax lists for the year 1870, so far as they relate to the property in controversy, and proposed to introduce the oral testimony of a witness to prove the combination at the sale between plaintiff and other bidders to prevent competition. This oral testimony, upon plaintiff's objection, was rejected, on the ground that the court had ordered the cause to be tried upon written testimony. It was admitted that the notice provided for in Code, §§ 894–5, had not been given.

II. It is insisted by defendant that the case is not triable *de novo* in this court, for the reason that no motion was made in the court below for a trial upon written testi-

1. PRACTICE in the supreme court: trial de novo.

mony. As we have above stated, an order was made for such a trial upon consent of the parties. The statute provides that "if any party shall  *  *  *  move the court for a trial upon written evidence," the court shall so order, and the testimony upon which the cause shall be tried shall be sent to this court, and upon it the cause shall be tried here *de novo*. Code, § 2742.

The statute confers upon the court the authority to require the case to be tried upon written testimony, and directs that this authority shall be exercised upon a motion. It will be observed that the motion so made is not necessary to confer upon the court authority to make the order, but is simply the means of invoking the exercise of authority. If, by agreement, both of the parties unite in asking for the order, surely the authority may be exercised, for it is invoked by both and

resisted by neither. This proposition is too plain to admit of doubt.

The cause must be regarded as being here for trial *de novo* upon the written testimony before us.

III. The defendant insists that the tax deeds are void for the reasons—*First*, the property is not sufficiently described upon the tax list; *second*, the valuation and taxes upon the property in question and other property are set out in gross upon the tax list, and the different lots and tracts are not valued and listed as to the tax on each separately. The objections cannot be urged here for the reason that, if presented in the answer, they were expressly waived and abandoned in the court below. They are used here, properly, if well founded, to assail the validity of the sales and deeds. If sustained, the deeds and sales would be set aside. The other defense pleaded sets up defendant's right to redeem from the sales on the ground that notice had not been given to defendant. As we have above shown, the defendants admitted, and the admission is made of record, that the tax title of the property is valid, if the right of redemption, as stated in the answer, because of the want of the notice, does not exist. It appears to us that defendant abandoned all defenses except his right to redeem.

IV. But another satisfactory answer to the objection is ready at hand. The tax deed is conclusive evidence of the regularity of the manner of the assessment, listing 2. TAX deed: evidence. and levy of taxes. It is *prima facie* evidence of the fact of assessment, listing and levy, but conclusive evidence that the manner thereof accords with the law. Code, § 897; Rev., § 784; *McCready v. Sexton & Son*, 29 Iowa, 356. The objection admits these acts, but is based upon the ground that they were not regularly performed, in that the description of the property upon the tax list was not sufficient, and the valuation and tax upon several separate tracts were in gross. These are matters that pertain to the manner of assessment, listing

and levying, and are regarded by the law as conclusively established by the deeds.

V. The tax sales, it will be remembered, were had in 1871, and the deeds were executed in 1874. By chapter 124, 3. ——: notice.. acts Fourteenth General Assembly, prior provisions were so amended that before a tax deed can be executed a notice, as prescribed, must be served upon the person in possession of the property, and upon the person in whose name the property was taxed, before a deed can be made upon tax sale. The provision is continued in the Code, § 894. Defendant insists that the statute is applicable to the tax case before us, and that the deed is invalid because the notice prescribed in the provision above cited was not given. The plaintiff contends—*First*, that under the constitution the provision cannot be applied by the courts to tax sales made before its enactment; *second*, that by the express terms of the act of the Fourteenth General Assembly, and of section 889 of the Code, the provision is applicable alone to sales made after its enactment.

Code, § 898, is in this language: "The provisions of this title [including the provision for notice above referred to] shall not affect sales heretofore made, or tax deeds given in pursuance of sales made before the taking effect of this Code." The language of this section is plain and easy of comprehension. Before its enactment deeds were executed upon tax sales without the notice required in the amendments of the statute referred to in the section. By the amendments, deeds executed without the notice having been given were invalid. But the section in hand declares that such amendments shall not affect "tax deeds given in pursuance of sales made before the taking effect of this Code." The expression "deeds given in pursuance of sales," means deeds executed upon sales. If the sales were made before the Code, the want of notice required by the amendments does not affect, invalidate the deeds.

It is argued by defendant's counsel that the language of the section just quoted refers to deeds given before the Code

took effect, for the reason that the word *given* is in the past tense, and therefore relates to time before the Code. The error of this position is apparent. The word "given" is a past participle, having the nature of an adjective. Its tense relates to time prior to the time alleged of its substantive. It conveys no independent idea of time. It will be observed that the language of the section under consideration fixes no time of the execution of the deeds referred to, further than than that expressed by the words "given in pursuance of sales made before the taking effect of this Code." The deeds referred to may be such as are given before the Code or after the Code, so that they be given in pursuance of sales made before the Code, in accord with the law prescribing the time for the making of the deeds, to be found elsewhere.

We conclude that, under Code, § 898, the notice prescribed in sections 894, 895, is not required to be given in cases where sales were made before the enactment of these provisions.

The constitutional question raised by plaintiff need not be considered. No other questions than those we have noticed are raised in the case.

It is our decision that the decree of the court below be reversed, and the cause be remanded for a decree in accord with this opinion.

REVERSED.